UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLAYTON D KIRSH,

                Plaintiff,

    v.

RODEWAY INN HOTEL AND SUITES, et al.,

                Defendants.

Case No. C21-5371 BHS

ORDER TO SHOW CAUSE

This matter comes before the Court on plaintiff's application to proceed *in forma pauperis* and proposed complaint. Dkt. 1. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4); Dkt. 1. In light of the deficiencies in the complaint identified herein, it appears that plaintiff's complaint is subject to dismissal. The Court will provide the plaintiff the opportunity – by July 30, 2021– to show cause why plaintiff's complaint should not be dismissed.

### FACTUAL BACKGROUND

Plaintiff brings this action on behalf of Serenity's Healing Place LLC under 42 U.S.C. § 1983. Dkt. 1-1. Plaintiff's complaint alleges that he stayed at the Rodeway Inn and Suite in March 2020, May 2020, May 2021. Dkt. 1-1 at 7-11. Plaintiff alleges that

ORDER TO SHOW CAUSE - 1

the hotel's condition and the staff's conduct were unsatisfactory. Dkt. 1-1 at 7-11. The complaint contends that the hotel staff engaged in criminal activity on the premises. Dkt. 1-1 at 7-11. Plaintiff alleges that these conditions prevented him from conducting his business and caused him to suffer lost wages. Dkt. 1-1 at 4.

DISCUSSION

The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

ORDER TO SHOW CAUSE - 2

A. 42 U.S.C. § 1983

Plaintiff filed the proposed complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint fails to state a cause of action under Section 1983.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Plaintiff's proposed complaint names two private entities and a number of individuals who work for the private entities. Dkt. 1-1. Plaintiff does not identify any person acting under color of state law that allegedly violated plaintiff's rights. Dkt. 1-1. Additionally, plaintiff does not state any facts alleging that any defendant violated plaintiff's federally protected rights. Dkt. 1-1.

For these reasons, plaintiff's complaint fails to state a claim under Section 1983.

B. Subject Matter Jurisdiction

Plaintiff's claim also fails to establish that the Court has proper subject matter jurisdiction to hear this matter.

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain: "(1) A short and plaint statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Pursuant to 28 U.S.C. § 1331, district courts have subject matter jurisdiction over all actions arising under the Constitution, laws or treaties of the United States. Pursuant to 28 U.S.C. § 1332(a), district courts have subject matter jurisdiction over civil actions where, "the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and cost, and is between (1) Citizens of different States […]" Finally, under 28 U.S.C. § 1367, in a civil action where the district court has original jurisdiction, "the district court shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

As has been discussed, plaintiff's complaint fails to state a claim for any violation of federal constitutional or statutory rights, under Section 1983. Plaintiff does not identify any other basis for jurisdiction under 28 U.S.C. § 1331. Plaintiff's complaint states that he is a resident of Washington. Dkt. 1-1 at 3. All other named defendants are also residents of Washington. Dkt. 1-1 at 3. This lack of diversity between the parties precludes jurisdiction under 28 U.S.C. § 1332(a).

Based on the allegations in plaintiff's proposed complaint, it appears that the Court lacks the subject matter jurisdiction to hear this matter.

## CONCLUSION

Due to the deficiencies described above, it appears that plaintiff's complaint is subject to dismissal. Plaintiff may show cause why his complaint should not be

dismissed or may file a proposed amended complaint to cure, if possible, the deficiencies noted herein, on or before **July 30, 2021.**

If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* information sheet.

Dated this 9th day of July, 2021.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 5